**UNITED STATES of America, Plaintiff,**

**v.**

**UNITED STATES PIPE AND FOUNDRY COMPANY, Defendant.**

**No. CR–4–76–4.**

United States District Court,
E. D. Tennessee,
Winchester Division.

April 16, 1976.

# MEMORANDUM, FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

NEESE, District Judge.

The United States attorney of this district filed on January 23, 1976 an information in two counts, charging that personnel of the defendant-corporation knowingly[1] violated certain regulations of the Interstate Commerce Commission (ICC). 18 U.S.C. § 834(f). A plea of not guilty was entered on behalf of the corporation at the initial arraignment herein. Subsequently, the Court accepted a change of such plea by the corporation to that of nolo contendere, and the action was submitted to the Court on February 27, 1976 on a stipulation of all the pertinent facts and exhibits.

Both offenses charged in the information are claimed to have occurred in this district and division on or about October 10, 1974 while the corporate defendant was a private carrier and subject to the hazardous materials regulations of the ICC, and involved the transportation or the shipment of 32 drums of corrosives, same constituting a shipment of hazardous materials, with a total weight of 10,280 pounds, and with having permitted Mr. Anthony P. Oric as the driver thereof to transport such corrosives or a shipment thereof in interstate commerce. Count 1 thereof further charges that the defendant permitted Mr. Oric to operate a motor vehicle transporting such articles from Evansville, Indiana to Manchester, Tennessee, without personnel of the defendant's having instructed Mr. Oric in the hazardous materials regulations, in violation of 49 C.F.R. § 177.800.[2] Count 2 thereof charges further that the defendant permitted Mr. Oric to transport a shipment of such articles without marking or placarding the vehicle as required by 49 C.F.R. § 177.-823(a).[3]

Ray H. Ledford, Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff.

Phillip Fleissner, Chattanooga, Tenn., for defendant.

1. Although such is not an essential element of the crimes charged, the information charged the defendant also with having acted wilfully at the pertinent times.

2. "(a) To promote the uniform enforcement of law and to minimize the dangers to life and property incident to the transportation of hazardous materials, by motor vehicle engaged in interstate * * * commerce, the regulations in Parts 170–189 of this chapter [49 C.F.R., ch. 1] are prescribed to

define these articles for motor vehicle transportation purposes, and to state the precautions that must be observed by the carrier in handling them while in transit. It is the duty of each such carrier to make the prescribed regulations effective and to thoroughly instruct employees in relation thereto. * * *" 49 C.F.R. § 177.800.

3. "* * * Every carrier operating, hauling, or in any manner using, a motor vehicle of trailer containing any hazardous material as

■ Based upon such stipulations and exhibits, and in the light of the applicable statute and regulations of the ICC, the Court hereby FINDS:

(1) The defendant United States Pipe and Foundry Company was a corporation and a private carrier on October 10, 1974 and subject to the hazardous materials regulation of the ICC.

(2) On such date, within this district and division, Mr. Anthony P. Oric, a driver of such defendant, was permitted by the defendant to operate a motor vehicle transporting 32 drums of foundry core compound, white label, a corrosive liquid of a total weight of 10,280 pounds, from Evansville, Indiana to Manchester, Tennessee. There was no marking or placard displayed on such motor vehicle or trailer at such time bearing the legend, CORROSIVES, in blue letters upon a white background, or any substantially similar legend.

(3) The defendant's personnel did not instruct Mr. Oric thoroughly in the hazardous material regulation of the ICC at any time prior to the aforementioned date.

(4) The defendant acted wilfully and knowingly[4] in failing to so instruct its driver Mr. Oric.

(5) The defendant did not act wilfully and knowingly[5] in failing to mark or placard its motor vehicle in the manner stated hereinbefore.

The Court concludes:

A. "* * * The Interstate Commerce Commission shall formulate regulations for the safe transportation within the United States of * * * dangerous articles, including * * * corrosive liquids * *, which shall be binding upon all carriers engaged in interstate * * * commerce which transport * * * dangerous articles by land * * *". 18 U.S.C. § 834(a).

"* * * Whoever knowingly violates any such regulation shall be fined not more than $1,000 or imprisoned not more than one year, or both * * *". 18 U.S.C. § 834(f).

■ B. Knowledge that the shipment involved was of dangerous materials is essential to a conviction under 18 U.S.C. § 834(f). *United States v. International Min. & Chem. Corp.* (1971), 402 U.S. 558, 560, 91 S.Ct. 1697, 29 L.Ed.2d 178, 180–181[1].

■ C. Under the foregoing facts, statutes and regulations, the defendant is guilty as charged in count 1 of the informa-

---

specified in paragraphs (a)(1) and (b) of this section shall cause every motor vehicle, trailer, or combination vehicle, at all times while containing such * * * dangerous article * * *, to display markings or placards in accordance with the following requirements.

"(1) The markings or placards required to be displayed on each motor vehicle or trailer shall be as follows:

    *    *    *    *    *    *

"*Commodity Type of marking or placard*

    *    *    *    *    *    *

"Corrosive liquid-1000 pounds or more __ gross weight __ CORROSIVES (Blue letters on white background).
    *    *    *    *."

49 C.F.R. § 177.823(a).

4. The defendant received notice on December 31, 1962, indicating the necessity that it comply with the Motor Carrier Safety Regulations, revision of 1952, of the ICC. Its personnel received notification from the office of motor carrier safety, Federal Highway Administration, United States Department of Transportation by letter of July 17, 1973, indicating that it

must comply with the hazardous materials regulations of the ICC and enclosing therewith information and guides for use in instructing its employees in such regulations.

Leakage of corrosive battery-acid liquid, which had been shipped through the defendant, was reported to it by another motor carrier on January 21, 1974 and the defendant had utilized in connection therewith on that occasion a required specification contained and a required corrosive label.

5. Mr. Oric did not know that one-half of the foundry core compound liquid he was transporting within this district was a corrosive liquid, although the shipping papers given to him by the shipper in Georgetown, Illinois included such information. Although his negligence in not discovering what was there to be seen had Mr. Oric looked might be construed as wilfulness, it is not shown that Mr. Oric or any other *of the defendant's employees knew* that such shipment required the charged marking or placarding.

tion herein of January 23, 1976 and not guilty as charged in count 2 thereof.

## JUDGMENT

It hereby is ADJUDGED that the defendant United States Pipe and Foundry Company pay a fine to the United States in the sum of $500 on count 1 of the information of January 23, 1976, and that it is not guilty as to count 2 thereof.